Case 4:10-cv-00768-JLH   Document 1   Filed 07/07/10   Page 1 of 9

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 7 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| RODNEY L. RANDOLPH | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | |
| FREDERICK S. WETZEL. III | ) | 4:10 cv 768 JLH |
| FREDERICK S. WETZEL, III, P.A. | ) | |
| Defendant(s) | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Comes now the Plaintiff in the above styled cause; and for his complaint against the Defendant(s) FREDERICK S. WETZEL, III, P.A. and FREDERICK S. WETZEL, III states as follows:

This case assigned to District Judge Holmes
and to Magistrate Judge Kearney

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim took place in this Judicial District and the Defendant(s) are subject to personal jurisdiction in this Judicial District.

3. Joinder of state claims is proper pursuant to 28 U.S.C. 1367. This court has discretion to hear pendant state law claims where there is a substantial federal claim arising out of a common nucleus of operative fact.

4. This complaint is filed within one year of the most recent FDCPA violations, and constitute part of the continuous violations committed by Defendant(s).

---

[1] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

**Parties**

5. Plaintiff, a natural person has standing to bring this complaint and is a "consumer" as that term is defined by 15 U.S.C. § 1692 a (3).

6. Defendant FREDERICK S. WETZEL, III, P.A. is a corporation that engages in the business of collecting consumer debts, (i.e. a debt collector under FDCPA) and conducts business within this Judicial District.

7. Defendant FREDERICK S. WETZEL, III is a natural person employed by Defendant FREDERICK S. WETZEL, III, P.A. as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) within this Judicial District.

**Factual Allegations**

8. On or around December, 2005, Plaintiff, incurred a financial obligation with Arkansas Federal Credit Union that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card in the approximate amount of $6,000.00.

9. On February 28, 2008 a contractual dispute occurred pertaining to the Plaintiff's account at Arkansas Federal Credit Union in which Arkansas Federal Credit Union was attempting to change the terms and conditions of the account that were previously agreed upon.

10. Plaintiff, held conversations with five separate employees of Arkansas Federal Credit Union in an attempt to resolve the dispute and Arkansas Federal Credit Union's employees clearly stated, "If you do not accept the terms and conditions we set forth we will refuse to do any more transactions with you."

11. On March 12, 2008, Plaintiff entered the Jacksonville, Arkansas branch of Arkansas Federal Credit Union and presented a letter, to bank officer Jenna Eggerman, which Plaintiff gave notice of acceptance of Arkansas Federal Credit Union's offer to refusing to conduct any more

transactions with the Plaintiff.

12. Notice was given by the Plaintiff, in the March 12, 2008 letter which placed all accounts in dispute.

13. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant(s) FREDERICK S. WETZEL, III, P.A., and, FREDERICK S. WETZEL, III for collection from Plaintiff.

14. On or about October 25, 2008, Defendant FREDERICK S. WETZEL, III, an employee of Defendant FREDERICK S. WETZEL, III, P.A. contacted Plaintiff, by mail with a letter in an attempt to collect a debt which did not give notice as required by law of "the debt collector is attempting to collect a debt," and, "any information obtained will be used for that purpose."

15. Defendant FREDERICK S. WETZEL, III and Defendant FREDERICK S.WETZEL, III, P.A. was noticed by Plaintiff, that the debt was in dispute on November 19, 2008.

16. Defendant FREDERICK S. WETZEL, III and Defendant FREDERICK S.WETZEL, III, P.A. was noticed by Plaintiff, on November 19, 2008 of 15 U.S.C. § 1692g which requires verification of a debt.

17. Defendant FREDERICK S. WETZEL, III and Defendant FREDERICK S.WETZEL, III, P.A. was noticed by Plaintiff, Rodney L. Randolph on November 19, 2008, that a debt was not due and owing.

18. Defendant FREDERICK S. WETZEL, III and Defendant FREDERICK S.WETZEL, III, P.A. did not provide verification of a debt.

19. Defendant FREDERICK S. WETZEL, III, and Defendant FREDERICK S.WETZEL, III, P.A. continued collection activities by means of a civil action filed in the Circuit Court of Pulaski County, Arkansas which has continued to the present date without presenting verification of a debt as required by the FDCPA.

20. Plaintiff has had to defend against this civil action for over eighteen months and has suffered great physical and mental distress due to Defendant FREDERICK S. WETZEL, III, and Defendant FREDERICK S. WETZEL, III, P.A actions.

21. Defendant FREDERICK S. WETZEL, III, and Defendant FREDERICK S.WETZEL, III, P.A. made false statements in state court documents that a debt was due and owing when the debt was in dispute.

22. Defendant FREDERICK S. WETZEL, III, and Defendant FREDERICK S.WETZEL, III,P.A used unfair or unconscionable means in attempting collect a debt from Plaintiff by conducting ex parte communications in three separate instances with the judge in the state court.

23. Defendant FREDERICK S. WETZEL, III, and Defendant FREDERICK S.WETZEL, III, P.A obtained a judgment in the debt collection action in the state court, against the Plaintiff in this case while violating the FDCPA.

24. After the initial communication with Plaintiff, Defendant(s) FREDERICK S. WETZEL, III, P.A. and FREDERICK S. WETZEL, III did not send out the required 15 U.S.C. 1692(g) letter to the Plaintiff.

25. Defendant(s) falsely reported the information regarding the alleged debt owed by the Plaintiff to one or more consumer reporting agencies.

26. Defendant(s) failed to report the debt as being in dispute to consumer reporting agencies as required by the FDCPA.

27. The public reporting to consumer reporting agencies constitutes defamation as Defendant(s) FREDERICK S. WETZEL, III, P.A. and FREDERICK S. WETZEL, III has published false information about the alleged money owed it by Plaintiff.

28. The conduct of the Defendant FREDERICK S. WETZEL, III, P.A. and FREDERICK S. WETZEL, III has proximately caused Plaintiff, past and future monetary loss, past and future

damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages.

29. It is a practice of Defendant(s) FREDERICK S. WETZEL, III, P.A. and FREDERICK S. WETZEL, III to maliciously, willfully, recklessly, wantonly and negligently ignore and refuse to follow the requirements of the FDCPA and other State laws.

30. All actions taken by employees, agents, servants, or representatives of any type for Defendant(s) FREDERICK S. WETZEL, III, P.A. and FREDERICK S. WETZEL, III were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

31. All actions taken by Defendant(s) FREDERICK S. WETZEL, III, P.A. and FREDERICK S. WETZEL, III were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, and state law and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA, and state law.

32. Defendant(s) FREDERICK S. WETZEL, III, P.A. and FREDERICK S. WETZEL, III has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such Defendant is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendant(s) and similar companies.

## FIRST CLAIM FOR RELIEF

### Violations of the FDCPA

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34. Defendant(s), which are debt collectors under the FDCPA, violated the FDCPA in numerous

ways, including, but not limited to the following:

a. Refusing to state in the initial communication, "the debt collector is attempting to collect a debt," and, "any information obtained will be used for that purpose."

b. Refusing to send the required 1692(g) notice within five days of contact so that the Plaintiff would be informed of Plaintiff's rights;

c. Refusing to verify or to provide validation of the debt;

d. Refusing to stop collection activities after being noticed of a disputed debt;

e. Not showing the account as being in "dispute" on Plaintiff's credit report;

f. Falsely reporting the debt on Plaintiff's credit report;

g. Using false, deceptive, or misleading practices and unfair or unconscionable means to obtain a judgment in a state court by conducting ex parte communications on three occasions with the judge assigned to the civil action in the state court.

h. Using false, deceptive, or misleading practices and unfair or unconscionable means to obtain a judgment in a state court by making false statements in State court pleadings that a debt was due and owing.

Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF

### State Law Claims

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

36. Defendant(s) attempted to subject Plaintiff to a liability in a civil suit while violating the FDCPA in an attempt to extort payment of debt that was in dispute which constitutes harassment and invasion of privacy.

37. Defendant FREDERICK S. WETZEL, III, and Defendant FREDERICK S.WETZEL, III,P.A used unfair or unconscionable means in attempting collect a debt from Plaintiff by conducting ex parte communications in three separate instances with the judge in the state court in violation of the Rules of Professional Conduct and State law.

38. Defendant FREDERICK S. WETZEL, III, and Defendant FREDERICK S.WETZEL, III,P.A used false, deceptive, or misleading practices and unfair or unconscionable means to obtain a judgment in a state court by making false statements in State court pleadings that a debt was due and owing.

39. Defendant(s) made false reports to the credit reporting agencies which constitutes harassment and invasion of privacy.

40. Defendant FREDERICK S. WETZEL, III, P.A negligently and/or recklessly hired, supervised, trained, or selected its employees and/or debt collectors who dealt with Plaintiff.

41. Defendant, FREDERICK S. WETZEL, III, P.A knew that its employees and/or agents were incompetent and knew or should have known that its employees and/or agents would violate state and federal law but yet these incompetent debt collectors were used throughout the dealings with Plaintiffs.

42. Defendant(s) defamed Plaintiff as set forth in this Complaint by publishing untrue statements about Plaintiff.

43. Defendant(s) acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiffs as set forth in this complaint.

44. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## RELIEF SOUGHT

45. An award of statutory, actual, compensatory, and punitive damages, and costs of

the action including expenses, together with reasonable attorney's fees.

46. An order voiding the state judgment which was obtained through the use of the Defendant FREDERICK S. WETZEL, III, P.A. and Defendant FREDERICK S. WETZEL, III using false, deceptive, or misleading practices and unfair or unconscionable means to obtain a judgment in a state court.

47. Plaintiff, Rodney L. Randolph also requests all further relief to which he is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully submitted,

*/s/ Rodney L. Randolph*
Rodney L. Randolph
PO Box 851
Jacksonville, Arkansas 72078
501 628 7067
rodneyr6@juno.com

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

*/s/ Rodney L. Randolph*
Rodney L. Randolph

Serve Defendants by Certified Mail at the following addresses:
FREDERICK S. WETZEL, III, P.A
200 North State Street
Suite 200
Little Rock, Arkansas 72201
(501) 663-0535

FREDERICK S. WETZEL, III
200 North State Street
Suite 200
Little Rock, Arkansas 72201
(501) 663-0535

8

# AFFADAVIT OF CERTIFICATION AND VERIFICATION
## OF COMPLAINT BY PLAINTIFF

Plaintiff, _Rany Rudolph_ after first being duly sworn upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint, and the facts contained within the complaint are true and correct to the best of my knowledge, information and belief.

3. I believe this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe this civil Complaint is not interposed for any improper purpose such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Rany L. Rudolph_

_July 6, 2010_

Subscribed and sworn before me this _6th_ day of July, 2010.

_Dianne Rymel_
Notary Public

DIANNE RYMEL
MY COMMISSION # 12370115
EXPIRES: March 2, 2019
Lonoke County